UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAROLD A. ROSS, <br><br> Plaintiff, <br><br> -against- <br><br> DEPT. OF THE ARMY, US ARMY RESERVE, et al., <br><br> Defendants. | 21-CV-6239 (LTS) <br><br> ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, alleging that in 2018, his employer, the U.S. Department of the Army ("U.S. Army"), took adverse action against him by requiring him to waive his right to bring future discrimination charges. Plaintiff names as Defendants the U.S. Army; the United States Army Reserve ("Army Reserve"); Army Reserve Medical Command ("AR-MEDCOM"); Northeast Medical Area Readiness Support Group ("NE-MARSG"); the Secretary of the Army, Christine E. Wormuth; Lieutenant General Jody J. Daniels; Major General Jonathan Woodson; and Colonel Cindy Saladin-Muhammad.

By order dated September 30, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are taken from the complaint. On June 27, 2018, Defendants made Plaintiff an offer regarding his federal employment. The offer provided Plaintiff the opportunity to sign:

> [a] Last Chance Agreement (LCA) in lieu of his removal from full-time federal employment. … [T]he agreement absolved the agency for its violation of laws and employee rights, restrained [Plaintiff's] right to [file] future complaints and grievance proceedings, restrained his civil rights, and forced an admission of guilt for charges he was actively disputing. [Plaintiff] refused to sign the agreement and on July 18, 2018[,] his removal was official[ly] approved by the Agency.

(ECF 2, at 5.) The official removal took place at Fort Wadsworth, New York, which is located in Staten Island, New York.

Plaintiff asserts that the U.S. Army retaliated "against [him] for his participation in statutorily protected activity." (*Id.*) Specifically, he alleges that he filed a complaint with both the NE-MARSG Equal Opportunity Advisor (EOA) and Defendant Colonel Saladin-Muhammad, asserting a "hostile work environment." He also alleges that Defendants "approved the removal of [him] from the full-time federal employment at NE-MARSG located in Staten Island, New York." (*Id.*)

As a result of Defendants' alleged conduct, Plaintiff suffered "Vision Impairment due to hypertension from induced stress before removal, Severe financial losses, Security Clearance revocation,[1] Loss of employability, Divorce, Homelessness, [and] Loss of credit." (*Id.* at 6.) Plaintiff seeks money damages, expungement from his record of "all negative counseling and Letter(s) of reprimands," and reinstatement to full-time federal employment. (*Id.*)

---

[1] At this stage, the Court declines to consider whether it has jurisdiction over any claim arising out of the revocation of Plaintiff's security clearance. *See Corbett v. Napolitano*, 897 F. Supp. 2d 96, 116 (E.D.N.Y. 2012) (noting that "the Second Circuit has yet to specifically decide whether and under what circumstances … federal courts have subject matter jurisdiction over the revocation or denial of a security clearance in the Title VII context").

## DISCUSSION

**A.    Title VII**

Title VII provides that "[i]t shall be an unlawful employment practice for an employer … to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Title VII prohibits employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Here, Plaintiff fails to state a claim under Title VII because he does not allege any facts suggesting that Defendants retaliated against him based on his opposition to a discriminatory employment practice that concerned his race, color, national origin, religion, or sex. Rather, Plaintiff states that (1) he filed a complaint with Defendant Saladin-Muhammad and an EOA

4

with NE-MARSG, asserting a "hostile work environment," an environment he does not describe in the complaint; (2) Defendants offered him a settlement that included a provision barring him from filing future discrimination claims; (3) Plaintiff admitted guilt to charges, which he does not describe in the complaint; (4) Plaintiff did not sign the settlement agreement; and (5) Defendants terminated Plaintiff from his federal employment. These allegations do not connect Plaintiff's claim that Defendants retaliated against him with an assertion that he opposed discriminatory practices.

The Court therefore grants Plaintiff 60 days' leave to file an amended complaint to state facts in support of his Title VII retaliation claim. As explained below in further detail, Plaintiff should give some facts about the practices he opposed and how these practices were discriminatory, as well as provide a clear timeline of the events giving rise to his claim that Defendants retaliated against him because he opposed these discriminatory practices.[2]

**B.     Exhaustion**

The failure to exhaust administrative remedies is an affirmative defense to be raised by Defendants, rather than something Plaintiff must address in his complaint. *See Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486 (2d Cir. 2018) (holding that administrative exhaustion under Title VII is an affirmative defense and not a pleading requirement). The Court notes, however, that it appears Plaintiff exhausted his hostile work environment charge, but that it may be too late for him to exhaust his retaliation claim, if he did not already do so.

---

[2] The facts alleged indicate that the events giving rise to Plaintiff's claims occurred in Staten Island, Richmond County which, is in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Venue for a Title VII action lies, however, in "any judicial district in the State in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3).

The following deadlines apply for administrative exhaustion of a Title VII claim: Before filing a complaint in federal court asserting a violation of Title VII, a federal employee must, within 45 days of the alleged discriminatory action, consult an EEO counselor to seek informal resolution. *See* 29 C.F.R. § 1614.105(a)(1). If unsuccessful, the employee has 15 days to file a formal EEO complaint with the agency. *See id.* § 1614.106(b). If the agency dismisses the complaint, it must issue a final decision with a notice of right to appeal. *See id.* § 1614.106(e). The federal employee has the choice of either appealing the agency's decision to the EEOC within 30 days of receiving the decision or filing a civil action in the district court within 90 days of receiving the final decision. *See id.* § 1614.402.

Here, while the complaint suggests that Plaintiff exhausted his hostile work environment claim and not his retaliation claim, it does not state enough facts to enable the Court to consider whether the retaliation claim is part of the hostile work environment claim, and therefore, may not need separate exhaustion. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122, 122 S. Ct. 2061, 2077, 153 L. Ed. 2d 106 (2002) ("A charge alleging a hostile work environment claim, however, will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period."). If Plaintiff chooses to amend his complaint, and he did exhaust this claim, he may provide details regarding that exhaustion.

**C.** ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)**

Because Plaintiff alleges that a federal employee violated his constitutional rights, the Court considers whether it should construe the complaint as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Title VII generally "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. General Servs. Admin.*, 425 U.S. 820, 835 (1976). A plaintiff may seek relief under *Bivens*, however, where the plaintiff's claim does not implicate a protected class under Title VII. *See, e.g.*, *Davis v. Passman*, 442 U.S. 228, 247 (1979) (holding that a congressional employee could bring an employment discrimination suit under *Bivens* because Title VII did not protect congressional employees who were not in the competitive service). Because Plaintiff does not plead any facts about the basis for discrimination, it is unclear if he must bring his claims under Title VII, or if he may assert a claim under *Bivens*.

Even if Plaintiff can proceed with a claim under *Bivens*, he still must plead facts about the individual federal employee's personal involvement in violating his rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Plaintiff does not describe the individual defendants' personal involvement – except to state that he filed a complaint with Saladin-Muhammad. Thus, at this stage, Plaintiff fails to state a claim under *Bivens*, even if such a claim is cognizable. Should Plaintiff file an amended complaint, and seek to bring claims against individual federal employees, he must allege facts showing how the federal employees were involved personally in the alleged retaliation.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid Title VII and *Bivens* claims, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's **amended complaint will completely replace, not supplement, the original complaint**, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-6239 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   October 12, 2021
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                     Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

Do you want a jury trial?

☐ Yes    ☐ No

## EMPLOYMENT DISCRIMINATION COMPLAINT

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.  PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name                Middle Initial           Last Name

_____
Street Address

_____
County, City                         State                  Zip Code

_____
Telephone Number                     Email Address (if available)

### B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:
_____
Name

_____
Address where defendant may be served

_____
County, City                         State                  Zip Code

Defendant 2:
_____
Name

_____
Address where defendant may be served

_____
County, City                         State                  Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City          State          Zip Code

## II.  PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City          State          Zip Code

## III.  CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐ race: _____

☐ color: _____

☐ religion: _____

☐ sex: _____

☐ national origin: _____

Page 3

- ☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

    My race is: _____

- ☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

    I was born in the year: _____

- ☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

    My disability or perceived disability is: _____

- ☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

    My disability or perceived disability is: _____

- ☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B. Other Claims**

In addition to my federal claims listed above, I assert claims under:

- ☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

- ☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

- ☐ Other (may include other relevant federal, state, city, or county law):

    _____

IV.    STATEMENT OF CLAIM

A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☐ terminated my employment
- ☐ did not promote me
- ☐ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☐ retaliated against me
- ☐ harassed me or created a hostile work environment
- ☐ other (specify): _____

_____

B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____
_____
_____
_____
_____
_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.   ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐ Yes (Please attach a copy of the charge to this complaint.)

    When did you file your charge?  _____

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☐ Yes (Please attach a copy of the Notice of Right to Sue.)

    What is the date on the Notice?  _____

    When did you receive the Notice?  _____

☐ No

## VI.   RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☐ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____
_____
_____
_____

## VII.    PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

500 PEARL STREET | NEW YORK, NY  10007
300 QUARROPAS STREET | WHITE PLAINS, NY  10601

PRO SE INTAKE UNIT: 212-805-0175

rev. 2/9/15

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address          City          State          Zip Code

_____
Telephone Number         E-mail Address

_____
Date                     Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007