UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAROLD A. ROSS,<br><br>                        Plaintiff,<br><br>                    -against-<br><br>DEPT. OF THE ARMY, US ARMY RESERVE, et al.,<br><br>                      Defendants. | 21-CV-6239 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated October 12, 2021, the Court granted Plaintiff, who is proceeding *pro se*, leave to file an amended complaint. On December 13 and 14, 2021, Plaintiff filed an amended complaint and a second amended complaint. The Court has reviewed the submissions and finds that, in the interest of justice, this action should be transferred to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a).

## BACKGROUND

This action arises out of events that occurred in Staten Island, where Plaintiff was formerly employed by the U.S. Department of the Army ("U.S. Army"). In the original complaint, Plaintiff, who resides in New Jersey, asserted claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, alleging that in 2018, the U.S. Army took adverse action against him by requiring him to waive his right to bring future discrimination charges. In addition to the U.S. Army, Plaintiff named as Defendants the United States Army Reserve ("Army Reserve"); Army Reserve Medical Command ("AR-MEDCOM"); Northeast Medical Area Readiness Support Group ("NE-MARSG"); the Secretary of the Army, Christine E. Wormuth; Lieutenant General Jody J. Daniels; Major General Jonathan Woodson; and Colonel Cindy Saladin-Muhammad.

In the second amended complaint,[1] Plaintiff asserts claims under Title VII, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634; the Rehabilitation Act, 29 U.S.C. §§ 701-796; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 121010-12213; the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654; 29 C.F.R. § 1607.11; and the New York State and City Human Rights Laws. He names the U.S. Army, the Army Reserve, Secretary of the Army Christine Wormuth, and Lieutenant General Jody Daniels. He alleges that from

> October 1, 2013 – July 6, 2018 Plaintiff states he was the ONLY African-American Civilian Budget Analyst greater than 40-years old employed by . . . AR-MEDCOM[ ]. He further states [that] for the period January 1, 2017 – July 6, 2018 he was subjected to Harassment, a Hostile Work Environment and Disparate Treatment Discrimination.

(ECF 7, at 5.) Plaintiff states that on an unspecified date, he was terminated from his employment. He indicates that on August 19, 2019, he filed a charge of discrimination against the U.S. Army, and on May 19, 2020, he received a right-to-sue letter from the Equal Employment Opportunity Commission.

A.  **Applicable Venue Provisions**

Under the applicable venue provision for claims under Title VII, the ADA, and the Rehabilitation Act, such claims may be brought in:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

---

[1] Plaintiff filed an amended complaint on December 13, 2021 (ECF 6), and a second amended complaint on December 14, 2021 (ECF 7).

42 U.S.C. § 2000e-5(f)(3) (Title VII's venue provision); *see* 42 U.S.C. § 12117(a) (incorporating by reference Title VII's venue provision for claims brought under the ADA); 29 U.S.C. § 794a(a)(1) (same as to Rehabilitation Act).

Claims brought under the ADEA are governed by Section 1391. *See, e.g.*, *Holmes v. Romeo Enterprises*, LLC, No. 15-CV-3915, 2015 WL 10848308, at *3 (S.D.N.Y. Nov. 2, 2015) (noting that "[n]otwithstanding the [ADEA'S] reference to 'any court of competent jurisdiction,' the general venue provision in Section 1391(b) still applies" to ADEA claims). Claims brought under the FMLA also are governed by the general venue provision at 28 U.S.C. § 1391(b), as that statute does not have a specific venue provision.

Under Section 1391(b), a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under that provision, a "natural person" resides in the judicial district where the person is domiciled, and any other entity with the capacity to sue and be sued, if a defendant, resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(1), (2).

**B.    Venue for Plaintiff's Claims**

Because Plaintiff alleges that he worked in New York State, this court, and every other federal district court within the State of New York, are proper venues for his Title VII, ADA, and Rehabilitation Act claims. *See* § 2000e-5(f)(3). As to Plaintiff's claims under the ADEA and the FMLA, Plaintiff does not allege any facts suggesting that a substantial part of the events giving

rise to his claims occurred within this federal judicial district. Thus, this court is not a proper venue under Section 1391(b)(2) for claims brought under those statutes.[2]

### C.     Transfer in the Interest of Justice

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA*., 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded

---

[2] Because all of the defendants do not reside in New York, Section 1391(b)(1) does not apply.

4

to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Staten Island, where Plaintiff was employed, and his records are likely maintained. Staten Island is in Richmond County, which falls within the Eastern District of New York. *See* 28 U.S.C. § 112(a). Venue is therefore proper in the Eastern District of New York. *See* 28 U.S.C. § 1391(b)(2). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff has consented to electronic service. (ECF 3.)

SO ORDERED.

Dated: January 31, 2022
        New York, New York

                                      /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                   Chief United States District Judge